UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------x
                                        :
CLAL FINANCE BATUCHA INVESTMENT         :
MANAGEMENT, LTD., THE PHOENIX           :
INSURANCE COMPANY, LTD.,                :
EXCELLENCE NESSUAH MUTUAL               :        09 Civ. 2255 (TPG)
FUNDS MANAGEMENT, LTD. and              :
EXCELLENCE NESSUAH GEMEL &              :           OPINION
PENSION, LTD., Individually and on      :
Behalf of All Others Similarly Situated,:
                                        :
                     Lead Plaintiffs,   :
                                        :
          – against –                   :
                                        :
PERRIGO COMPANY, JOSEPH C. PAPA,        :
JUDY L. BROWN, LAURIE BRLAS,            :
GARY K. KUNKLE, JR. and BEN-ZION        :
ZILBERFARB,                             :
                                        :
                     Defendants.        :
----------------------------------------x
```

In this case, plaintiffs bring a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Perrigo Company ("Perrigo") between November 6, 2008 and February 2, 2009 (the "Class Period") against Perrigo and certain of its officers and directors for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

Defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' Amended Complaint for failure to state a claim. The briefing on this motion has brought to light the fact that the lead plaintiffs purchased their stock in Perrigo on the Tel Aviv Stock Exchange

(the "TASE") in Israel.  Defendants assert that the claims of these lead plaintiffs must be dismissed under the recent Supreme Court decision in Morrison v. National Australia Bank, Ltd., 130 S. Ct. 2869 (2010).

The lead plaintiffs oppose the motion.  However, they assert that in the event that the motion is granted pursuant to the Morrison decision, the court should allow the amendment of the complaint to substitute new lead plaintiffs who purchased their shares on the NASDAQ market in the United States.  The Perrigo common stock is listed on the TASE and also may be purchased or sold on the NASDAQ market.

Plaintiff class member Harel Insurance, Ltd. ("Harel") moves to intervene in the action and to be listed as a named plaintiff.  Harel apparently purchased Perrigo shares on the NASDAQ market.  The current lead plaintiffs support Harel's motion.

Plaintiff class member Michael Warner, who filed the initial complaint in this action, and who made a motion seeking to be appointed lead plaintiff but withdrew that motion, now moves to be appointed lead plaintiff and to have counsel of his choice approved as lead counsel.  The current lead plaintiffs oppose Warner's motion.

The court grants defendants' dismissal motion and dismisses the claims of the current lead plaintiffs.  Also, the court rules that the class can only consist of persons who purchased their Perrigo shares on the NASDAQ market or by other means involving transactions in the United States.  The court will allow the amendment of the complaint to assert

claims by named plaintiffs who purchased their shares in the United States.  The court also grants Harel's motion to intervene as named plaintiff.  In due course, the court will determine who will be the lead plaintiffs.  The court will treat Warner as a named plaintiff and will consider whether Warner should be one of the lead plaintiffs and will further consider what role, if any, will be played by Warner's recommended counsel.

## DISCUSSION

The nature of the action is described in detail in the court's opinion of September 30, 2010.  That opinion dealt with a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for failure to state a claim.  That motion was denied, except that the § 20(a) claims against defendants Brlas, Kunkle, and Zilberfarb were dismissed.

Defendants have made a new motion to dismiss.  It is based on the Supreme Court's decision in Morrison, which was handed down on June 24, 2010 after the briefing on the first dismissal motion was complete. As already indicated, it now appears that the lead plaintiffs made their purchases of Perrigo stock on the TASE.  According to Morrison, this circumstance defeats the claims of the lead plaintiffs under §§ 10(b) and 20(a), and under SEC Rule 10b-5.  15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5.  The ruling of Morrison is as follows:

> And it is in our view only transactions in securities listed on domestic exchanges, and domestic transactions in other securities, to which § 10(b) applies.

<u>Morrison</u>, 130 S. Ct. at 2884.  The ruling is restated later in the opinion:

> Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States.

<u>Morrison</u>, 130 S. Ct. at 2888.  Obviously, what the Court states about § 10(b) applies to § 20(a) and Rule 10b-5.  On this basis, the court dismisses the claims in this action of the lead plaintiffs, who currently constitute all of the named plaintiffs.

However, it has been represented to the court that there are other persons who could be substituted as named plaintiffs in a further amended complaint, and who purchased their Perrigo shares on the NASDAQ market.  The court will allow such amendment.

The court also grants leave to Harel to intervene and to become a named plaintiff, provided that there is a proper allegation that the purchases of Harel were made in the United States.  The court will allow the amended complaint to include Harel as a named plaintiff.

In due course, the court will determine who will be lead plaintiffs and further determine whether there is any need to make any revision to the designation of lead counsel.

This opinion resolves document numbers 45, 50, and 54 on the docket.

SO ORDERED.


Dated:  New York, New York
        September 28, 2011


_Thomas P. Griesa_

Thomas P. Griesa
U.S.D.J.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/11